IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ERIC WAYNE CALLIHAN,           )
                               )
         Petitioner,           )
                               )
    v.                         )        1:08CR321-1
                               )
UNITED STATES OF AMERICA,      )
                               )
         Respondent.           )

## MEMORANDUM ORDER

Before the court is a "Motion to Clarify" (Doc. 131) filed by Petitioner Eric Wayne Callihan, a prisoner proceeding *pro se*. Mr. Callihan contends that the Bureau of Prisons has not properly credited him with the time he served in two State cases. As a remedy, he seeks to have the judgment amended to reflect credit for his State court sentences.

Under 18 U.S.C. § 3582(c), this court may modify a term of imprisonment if one of three exceptions applies: "the Bureau of Prisons moves for a reduction, the [United States] Sentencing Commission amends the applicable Guidelines range, or another statute or [Federal] Rule [of Criminal Procedure] 35 *expressly* permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010); see also United States v. Cunningham, 554 F.3d 703, 708 (7th Cir. 2009). Mr. Callihan does not contend that any of these exceptions applies to his case, and the court similarly perceives no basis for relief on any of the three

grounds. That includes any relief under Federal Rule of Criminal Procedure 35(a), which allows for the correction of errors in a judgment within fourteen days after sentencing, which has long expired.

Federal Rule of Criminal Procedure 36 provides the court authority to correct a clerical error, but Mr. Callihan does not claim relief under this rule or for this purpose. See United States v. Ferguson, 918 F.2d 627, 629-30 (6th Cir. 1990) (denying relief under prior version of Rule 36 on claim for sentence credit).

Therefore, Mr. Callihan has not provided a proper basis for the court to amend the judgment.[1]

---

[1] While it is not clear exactly what relief Mr. Callihan actually seeks, it is possible that his motion could be construed as one to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Such motions are subject to several restrictions. One restriction is that such a motion may only be made once. Mr. Callihan's current motion will not count as a first motion, which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, the court notes that Mr. Callihan already has a pending § 2255 motion. He should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of those restrictions, Mr. Callihan should act carefully in proceeding. See generally Castro v. United States, 540 U.S. 375 (2003). If he wishes to challenge his conviction, Mr. Callihan must do so on the § 2255 forms supplied by the court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. If he wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance, and, as noted, he should file any

In challenging the Bureau of Prisons' computation of his sentence, Mr. Callihan seeks relief properly afforded under 28 U.S.C. § 2241. See Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006) ("A challenge to the execution of a sentence — in contrast to the imposition of a sentence — is properly filed pursuant to § 2241. Execution of a sentence includes matters such as . . . computation of a prisoner's sentence by prison officials.") (internal quotations and citation omitted); United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) ("[C]hallenges to the execution of a federal sentence are properly brought under 28 U.S.C.A. § 2241."); Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998) (concluding that a motion challenging Bureau of Prisons' good-time credit calculation "falls into the domain of § 2241").

An inmate filing a petition under 28 U.S.C. § 2241, however, must bring that petition in the district in which he is incarcerated. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) ("A claim for

---

§ 2241 motion in the district where he is detained. Finally, nothing contained herein should be interpreted as concluding that the court has any view that a § 2255 motion based on the allegations of the current motion would be proper or merited.

3

credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court.").

It appears that Mr. Callihan is incarcerated in the Southern District of Indiana rather than this district. Therefore, Mr. Callihan's motion challenging the execution of his sentence – properly construed as a petition under 28 U.S.C. § 2241 – will be dismissed, but without prejudice to Mr. Callihan filing a new petition in the proper district.[2] Mr. Callihan should seek the proper forms from the Clerk of Court for the Southern District of Indiana and file his petition there. The address for the Clerk of Court is: 921 Ohio Street, Room 104, Terre Haute, IN 47807.

While dismissing Mr. Callihan's petition, this court notes that his complaint relates to the Bureau of Prisons' computation of credits for a certain State sentence(s) previously imposed. The current judgment imposing 70 months of imprisonment was entered May 25, 2012, after a *resentencing* hearing following Mr. Callihan's successful motion to have his original October 14, 2009 judgment imposing 200 months' imprisonment vacated because of a change in

---

[2] The Bureau of Prisons contends that Mr. Callihan's petition requires dismissal because he has failed to exhaust his administrative remedies. (See Docs. 1-1, 1-3.) Although afforded an opportunity to respond to the Bureau of Prisons, Mr. Callihan has not done so. If he wishes to challenge the Bureau of Prisons' calculation of his sentence, Mr. Callihan is cautioned that he must pursue and exhaust his administrative remedies as a prerequisite to any legal action.

the law in the Fourth Circuit. In imposing the amended judgment (which was effective retroactively as of the date of the original September 23, 2009 sentencing hearing), this court expressed its intention to have Mr. Callihan's 70-month sentence run concurrently with a State sentence of imprisonment identified in his presentence report that involved related conduct and consecutive to the rest of the State sentences identified in his presentence report. More specifically, the court intended for the judgment to run consecutive to all terms of imprisonment except as to any undischarged portion of the State sentence imposed in his State cases 08CRS51993 and 08CRS51999 (noted in paragraph 44 of the presentence report), which was undischarged as of September 23, 2009 – the date of Mr. Callihan's original sentencing hearing in this case. (See Doc. 93 at 2.) Thus, at sentencing, this court directed as follows:

> It is therefore ordered that you be committed to the custody of the United States Bureau of Prisons for a term of 70 months. That will run concurrent with any *undischarged portion of your sentence* in the state cases of 08CRS51993 and 08CRS51999, noted in paragraph 44 of the presentence report, *as of September 23, 2009*, that is, the date of your original sentencing. The sentence will then run consecutive to any other undischarged term of – or any other term of imprisonment.
>
> \*   \*   \*
>
> Let me say for the record, the reason that I have decided to run the sentence concurrent with that in paragraph 44 of the presentence report is that that is conduct that occurred almost to the day – it was, actually, I believe both sides of the day involved in this incident. One is on the 21st and one is on the

5

22nd. So I think that is so closely related that it arises out of the same crime spree.

The other paragraphs, in my view, of the presentence report involve unrelated conduct. There was a significant lapse in time where you could have made the decision to disengage from any further criminal activity, and for that reason, your sentence will run consecutive to any of the other sentences imposed for any of the other state crimes.

(Doc. 111 at 19-20 (emphasis added).); see also U.S.S.G. § 5G1.3. Consequently, the court issued the amended judgment imposing 70 months of imprisonment as follows:

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 70 months.

[This sentence is to run concurrent with any undischarged portion of state cases 08CRS51933 and 08CR51999 contained in paragraph 44 of the PreSentence report as of September 23, 2009 and consecutive to any other undischarged term of imprisonment.]

(Doc. 93 at 2.)

For these reasons, therefore, Mr. Callihan's petition will be DISMISSED without prejudice.

SO ORDERED.

    /s/ Thomas D. Schroeder
    United States District Judge

November 26, 2014